IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CURTIS G. SNELL SR.,
TYWANIC L. SNELL                                                                            PLAINTIFFS

v.                                                                 CIVIL ACTION NO. 1:24-CV-146-SA-DAS

21st MORTGAGE CORPORATION;
JOHN DOES 1-10                                                                              DEFENDANTS

ORDER AND MEMORANDUM OPINION

On August 2, 2024, Curtis G. Snell, Sr. and Tywanic L. Snell (collectively referred to as "the Snells") initiated this lawsuit by filing their Complaint [1] against 21st Mortgage Corporation and John Does 1-10 seeking injunctive relief to set aside a foreclosure sale. The Amended Complaint [8] is now the operative complaint and premises jurisdiction on diversity of citizenship.[1] On August 14, 2025, 21st Mortgage filed a Motion for Summary Judgment [35]. On October 1, 2025, the Snells filed a competing Motion for Summary Judgment [49]. Having considered the parties' filings and the applicable authorities, the Court is prepared to rule.

*Relevant Factual and Procedural Background*

On July 20, 2022, the Snells, a married couple, entered into a promissory note (hereinafter referred to as the "mortgage") to purchase a Triumph mobile home and certain real property located in Oktibbeha County, Mississippi. The mortgage was secured by a Deed of Trust in favor

---

[1] Previously, this Court entered an Order to Show Cause [2], wherein it noted a potential jurisdictional defect in the Snells' original Complaint [1] pertaining to the alleged amount in controversy requirement. *See* [2] at p. 2. At this stage, the Court finds jurisdiction proper because it is undisputed that the purchase price of the property at issue was $80,640.00 and thus in excess of the $75,000.00 jurisdictional minimum under the diversity statute. *See Farkas v. GMAC Mort., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."); *see also Tubwell v. Specialized Loan Service LLC*, 2017 WL 4228760, at *2 n. 2 (N.D. Miss. Sept. 22, 2017) (same).

of their lender, 21st Mortgage. The Snells' monthly mortgage payment was $971.30, which was due on the first day of each month.

On September 1, 2023, and again on October 1, 2023, the Snells failed to make their monthly payments. On October 27, 2023, 21st Mortgage sent the Snells a Notice of Impending Foreclosure notifying them of their loan's default status and informing them that the amount to cure the default was $2,021.98. [35], Ex. 5.[2] After receiving this notice, the Snells began sending 21st Mortgage partial payments in varying amounts.

On November 10, 2023, the Snells sent a partial payment of $970.00. On January 19, 2024, the Snells sent a partial payment of $971.00, and 21st Mortgage returned that payment to them on February 5, 2024. [35], Ex. 6 at p. 11-13. 21st Mortgage included a letter with each returned partial payment that stated, "[t]his amount did not cure your default." *See* [35], Ex. 6.

On April 9, 2024, a Substituted Trustee's Notice of Sale was posted at the Oktibbeha County Chancery Courthouse providing the foreclosure sale would occur on May 9, 2024. *Id.*, Ex. 9.[3] 21st Mortgage advertised the Notice of Sale in the Starkville Daily News on April 18, 2024, April 25, 2024, and May 2, 2024. *Id.* As of April 10, 2024, the Snells had failed to bring their mortgage current, and 21st Mortgage sent them a letter stating that the amount to cure the default was at that time $8,149.91. *See* [8] at p. 4.

The Snells continued attempting to make partial payments during April 2024 including: $960.00 on April 16; $965.00 on April 22; and two separate payments of $1,000.00 each on April 30. On May 3, 2024, 21st Mortgage returned all these partial payments because they were of an insufficient amount to cure the continuing default. [35], Ex. 6 at p. 8-10. On May 1, 2024, the

---

[2] The amount to cure included late penalty fees. *See* [35], Ex. 4 at p. 4.
[3] On March 15, 2024, 21st Mortgage substituted Marc K. McKay as trustee. No other changes were made to the Deed of Trust.

2

Snells sent a partial payment of $2,000.00 and 21st Mortgage returned it on May 7, 2024. *Id.* at p. 5-7. On May 6, 2024, the Snells sent a partial payment of $2,220.00 and 21st Mortgage returned it on May 13, 2024. *Id.* at 2-4.[4]

On May 9, 2024, at the foreclosure sale, 21st Mortgage was the highest bidder and paid $61,244.40 for the property. The Snells now seek to set aside the sale. They assert two statutory claims, alleging that 21st Mortgage violated Mississippi Code Section § 89-1-55 and Section § 89-1-59 in its execution of the foreclosure sale. As noted previously, both parties seek summary judgment in their favor.

*Legal Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. (quoting *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct.

---

[4] The record is unclear as to whether the November 10, 2023 partial payment was accepted by 21st Mortgage. Notwithstanding, the Court finds it irrelevant because neither party relies on the acceptance or rejection of this payment.

3

2548). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However, "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted)

Ordinarily, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *see also Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (explaining that, at the summary judgment stage, the court usually may not invade the province of the jury by "evaluat[ing] the credibility of witnesses, weigh[ing] the evidence, or resolv[ing] factual disputes.") (citations omitted). But in a bench trial, the judge acts as "trier of fact" in place of the jury. *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991) (quoting *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978)).[5] In view of that, "the district court has somewhat greater discretion to consider what weight it will accord the evidence" when considering summary judgment. *Id.* at 397. Specifically, "even at the summary judgment stage a judge in a bench trial has the limited discretion to decide that the same evidence, presented to him or her as trier of fact in a plenary trial, could not possibly lead to a different result." *Id.* at 398. And "the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may

---

[5] There is no dispute this matter is properly set for bench trial. *See* [19].

4

depend on inferences to be drawn from what has been incontrovertibly proved." *Id.* at 397 (emphasis omitted).

*Analysis and Discussion*

In their Amended Complaint [8], the Snells assert that the non-judicial foreclosure sale should be set aside because (1) 21st Mortgage did not post notice of the foreclosure sale at the Oktibbeha County Courthouse and (2) 21st Mortgage did not accept partial payments prior to the foreclosure sale that would have brought their account current.[6] In response, 21st Mortgage argues that it posted the notice, and it was not obligated to accept partial payments. Before turning to the merits, the Court notes that the crux of both parties' Motions [35, 49] is whether the Snells' attempted partial payments prior to the foreclosure sale cured their default. As such, the Court will address the Motions [35, 49] together.

I. *Miss. Code Ann. § 89-1-55*

As to their first claim, the Snells argue that the foreclosure sale should be voided and set aside because 21st Mortgage failed to post notice of the sale at the Oktibbeha County Courthouse in violation of Miss. Code Ann. § 89-1-55. 21st Mortgage maintains it posted the required notice. The relevant portion of the statute provides:

> All lands sold at public outcry under deeds of trust . . . shall be advertised for three (3) consecutive weeks preceding such sale, in a newspaper published in the county, or, if none is so published, in some paper having a general circulation therein, and by posting one

---

[6] The Court notes that it appears the Snells raise a breach of contract claim for the first time in their Memorandum in support of Summary Judgment [50]. [50] at p. 2. However, a new claim cannot be asserted in this fashion but instead must be asserted via an amended complaint. At the summary judgment stage, plaintiffs who wish to assert a new claim must amend their complaint. *Pitts v. City of Madison, Miss.*, 2017 WL 6003645 (S.D. Miss. Dec. 4, 2017) (citing *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990). Thus, this claim is improper. *See United States ex rel. DeKort v. Integrated Coast Guard Sys.*, 475 Fed. App'x. 521, 522 (5th Cir. 2012) (affirming the district court's denial of plaintiff's motion for summary judgment because he attempted to raise a new claim not asserted in the operative complaint). The Snells have not properly alleged a breach of contract claim and the Court therefore sees no need to consider the same.

5

> notice at the courthouse of the county where the land is situated, for said time, and such notice and advertisement shall disclose the name of the original mortgagor or mortgagors in said deed of trust or other contract. No sale of lands under a deed of trust or mortgage, shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary. An error in the mode of sale such as makes the sale void will not be cured by any statute of limitations, except as to the ten-year statute of adverse possession.

MISS. CODE ANN. § 89-1-55.[7]

21st Mortgage maintains it posted the Notice of Sale and that the Snells offered no proof to the contrary. [36] at p. 3-4. In support of its request for summary judgment on this claim, 21st Mortgage attached to its Motion [35] the Substituted Trustee's Notice of Sale. *See* [35], Ex. 8. This Notice of Sale included all information required by the statute and was signed and dated by Natasha Powers, the Land Records Clerk for Oktibbeha County Chancery Court. *Id.* Notably, it appears to the Court that the Snells have abandoned this claim because their filings in connection with the present Motions [35, 49] do not address the notice issue whatsoever and they provide no evidence to refute 21 Mortgage's position.

The Snells have failed to point to any competent summary judgment evidence that creates a question of fact as to their failure to post notice of sale claim. As noted above, an unsupported conclusory allegation does not create a genuine issue of material fact for trial. *See Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). Thus, summary judgment is granted in 21st Mortgage's favor on this claim.

II.     *Miss. Code Ann. § 89-1-59*

The crux of the dispute is whether the Snells' partial payments re-instated the loan before it was sold at the foreclosure sale. The Snells claim that 21st Mortgage violated Miss. Code Ann.

---

[7] To be clear, the Snells do not argue that 21st Mortgage failed to publish notice of the sale in a newspaper.

6

§ 89-1-59 by "actively prevent[ing] the [Snells] from being able to cure any alleged default by returning to the [Snells] all payments made." [50] at p. 4; [8] at p. 5. The relevant statute provides:

> Where there is a series of notes or installment payments secured by a deed of trust, mortgage or other lien, and a provision is inserted in such instrument to secure them to the effect that upon a failure to pay any one (1) note or installment, or the interest thereon, or any part thereof, or for failure to pay taxes or insurance premiums on the property described in such instrument and the subject of such lien, that all the debt secured thereby should become due and collectible, and for any such reason the entire indebtedness shall have been put in default or declared due, the debtor, or any interested party, may at any time before a sale be made under the terms and provisions of such instrument, or by virtue of such lien, stop a threatened sale under the powers contained in such instrument or stop any proceeding in any court to enforce such lien by paying the amount of the note or installment then due or past due by its terms, with all accrued costs, attorneys' fees and trustees' fees on the amount actually past due by the terms of such instrument or lien, rather than the amount accelerated, and such taxes or insurance premiums due and not paid, with proper interest thereon, if such should have been paid by any interested party to such instrument. Any such payment or payments shall reinstate, according to the terms of such instrument, the amount so accelerated, the same as if such amount not due by its terms had not been accelerated or put in default.

MISS. CODE ANN. § 89-1-59.[8]

It is undisputed that the Snells defaulted on their mortgage. [8] at p. 4.[9] Instead, the Snells argue that 21st Mortgage was obligated to accept their partial payments, and those payments in total, satisfied the amount in default before the foreclosure sale. *See* [50] at p. 4-6. Specifically, the Snells argue because "the statute [Miss. Code Ann. § 89-1-59] does not state that payments

---

[8] Simply put, Miss. Code Ann. § 89-1-59 allows a mortgagor to decelerate a mortgage debt, and stop foreclosure sale before it becomes final, simply by bringing mortgage debt current. *See In re Martin*, 276 B.R. 552, 555 (Bkrtcy. N.D. Miss 2001).
[9] The Court notes that in the Amended Complaint [8] the Snells stated the amount necessary to bring the mortgage current was $8,149.91. [8] at p. 4. However, the Snells' Motion for Summary Judgment [49] contends the amount in default was $7,549.39. [50] at p. 5.

7

have to be made [in] one lump sum" that returning the partial payments instead of applying them towards the default deprived them of their statutory rights. [45] at p. 2.

The Mississippi Supreme Court has addressed whether, under Miss. Code Ann. § 89-1-59, a lender must accept partial payments. *See Weems v. Transamerica Mortg. Co.*, 770 So.2d 936 (Miss. 2000). In *Weems*, the plaintiff defaulted on his June and July mortgage payments. *Id.* at 937. In response, the defendant sent the plaintiff a notice that the mortgage would accelerate if he did not bring his account current and that "[n]o less than [the full] amount w[ould] be accepted." *Id.* at 939. In August, the defendant received the June and July payments but rejected them because, at that time, the August payment was also due. *Id.* at 937. The Mississippi Supreme Court, applying Miss. Code Ann. § 89-1-59, held that "[f]ailure to remit the *full* amount upon the due date was clearly an appropriate reason . . . to reject [the] payment . . . and acceleration was proper." *Id.* at 939 (emphasis added); *compare Hobson v. Chase Home Finance, LLC*, 179 So.3d 1026, 1035 (Miss. 2015) (affirming chancery court's reinstatement where plaintiff satisfied her debt in full the day before the foreclosure sale).

Here, there is no dispute that the Snells were in default on their mortgage payments from October 2023 until the foreclosure sale on May 9, 2024. *See* [50] at p. 5; [8] at p. 4. There is also no dispute that the Snells failed to pay the balance in full at any point.[10] Similar to the defendant in *Weems*, 21st Mortgage made it clear it would not accept less than the full amount owed by returning all partial payments with a letter explaining the "amount did not cure your default." *See e.g.* [35], Ex. 6 at p. 2. Further, the Deed of Trust provides:

> Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to

---

[10] The largest amount the Snells sent in a payment was $2,220.00. Like all the other partial payments, this payment was returned with a letter explaining the amount did not cure the default. [35], Ex. 6 at p. 2-4.

8

> its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted.

[35], Ex. 3 at p. 7.[11]

Notwithstanding the clear language of the Deed of Trust and multiple letters, the Snells' Memorandum [50] calculated that all the returned payments amounted to $10,081.00 in total. [50] at p. 5. Then, the Snells contend that, because all of these returned payments totaled more than the amount in default and were all sent before the May 9, 2024 foreclosure sale, the partial payments somehow reinstated their loan. In fact, the Snells assert that they actually "overpaid." *Id.* This argument is a non-starter.

Simply put, the record contains no evidence that the Snells cured the default by paying the full amount due before the foreclosure sale. Nor do the Snells present any evidence or point to any case law supporting their proposition that returned partial payments can be aggregated to satisfy a mortgage debt. Rather, the loan documentation and applicable case law support the opposite conclusion. The Court finds that 21st Mortgage provided evidence that it had the right to refuse and return the partial payments. For their part, the Snells provided no competent summary judgment evidence to the contrary. As such, summary judgment in favor of 21st Mortgage is appropriate.

---

[11] At no point do the Snells argue that 21st Mortgage waived its contractual right to refuse partial payments.

*Conclusion*

For the reasons set forth above, 21st Mortgage's Motion for Summary Judgment [35] is hereby GRANTED, and the Snells' Motion for Summary Judgment [49] is DENIED.[12] A Final Judgment consistent with this Order and Memorandum Opinion will be issued this day. This case is hereby CLOSED.

SO ORDERED, this the 7th day of January, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[12] The Court notes that the Snells filed a Sur-Rebuttal [45] to 21st Mortgage's Reply [44]. Despite not seeking leave to file a sur-reply as required by this Court's Local Rules, the Court considered the substance of that filing in reaching its conclusion. *See* L.U. Civ. R. 7(b)(4). As such, 21st Mortgage's Motion [46] requesting that the Court strike the Sur-Rebuttal [45] is DENIED AS MOOT.